IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARC VIANELLO,

    Plaintiff,

    v.

CITY OF PRAIRIE VILLAGE, KANSAS,

    Defendant.

Case No. 25-2383-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Marc Vianello filed this action on July 16, 2025, challenging Defendant City of Prairie Village's issuance of general obligation bonds associated with building a new City Hall. On July 25, 2025, Defendant moved to dismiss for lack of jurisdiction and for failure to state a claim.[1] Before the Court is Defendant's Motion for Expedited Hearing (Doc. 6), which the Court construes as a motion for expedited briefing.[2] The motion to expedite is fully briefed, and the Court is prepared to rule. As described below, Defendant's request for expedited briefing is denied.

Under 28 U.S.C § 1657, the Court shall expedite in a civil action if "good cause" is shown. Good cause is shown under § 1657 "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." The Court has wide discretion in determining good cause under this standard.[3]

---

[1] Doc. 4.

[2] The Court does not have a practice of conducting hearings on motions to dismiss outside of a showing that one is necessary. Plaintiff's motion does not demonstrate that a hearing is necessary on this motion.

[3] *See Freedom Commc'ns. Inc. v. F.D.I.C.*, 157 F.R.D. 485, 486–87 (C.D. Cal. 1994)*; HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) ("When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for,

According to Defendant's motion to dismiss, this dispute centers in large part around the City Council's approval of Resolution 2025-4, which passed on June 16, 2025. The resolution authorized the issuance of general obligation bonds in the amount of up to $30,000,000.00 to pay for improvements to certain City buildings, including City Hall. Plaintiff, a resident and taxpayer of the City, originally filed suit in the District Court of Johnson County, Kansas, on June 19, 2025, challenging the City's issuance of the general obligation bonds without voter approval and debt limitations pursuant to Kansas law. The City moved to dismiss in the state-court matter on July 1, and on July 16, Plaintiff voluntarily dismissed that case and filed the instant action. In this case, Plaintiff similarly challenges the City's ability to issue general obligation bonds without voter approval, bringing claims under 42 U.S.C. § 1983 and Kansas law. Defendant's motion to dismiss argues that Plaintiff lacks standing and fails to state a claim upon which relief may be granted.

Defendant asks the Court to expedite its decision on the motion to dismiss, i.e., give it priority over other pending motions, because it claims that this action functions as an injunction and prevents it from issuing bonds and moving forward on its improvement plans. It asserts that "delays on the project would result in an increase in costs of $120,000 per month, or approximately $28,000 per week; expediting briefing by even a week could save $28,000 in taxpayer funds."[4] In contrast, Defendant asserts that Plaintiff will suffer no damage if briefing is expedited.

---

in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986))).                                                                    ;

[4] Doc. 8 at 2.

The premise of its motion is that it "prevent[s] Defendant from issuing bonds that it is legally entitled to issue."[5]  This is because Defendant is required to obtain a non-litigation certificate prior to issuing the bonds authorized by the June 16, 2025 resolution.  Defendant contends that "[w]ithout an expedited hearing, Defendant would be prevented from making an offering of bonds, effectively being enjoined from issuing bonds even without a court order that it should be enjoined."[6]  And Defendant contends that it will be prevented from issuing bonds in the current market, which it contemplated when preparing to issue them, which could increase the cost of the bonds and construction materials.

While the Court will not be inclined to grant extensions of the normal deadlines, it does not find good cause to expedite briefing and ruling on Defendant's motion to dismiss on this record.  The Court finds the City's assertions of the cost associated with delay are speculative at best, particularly given the short period of time that has passed since the resolution was passed.  And its assertion that the lawsuit operates as an injunction preventing it from issuing bonds that it is legally entitled to issue calls for a decision on the merits.

According to Defendant's own brief, it passed the resolution authorizing these bonds on June 16.  Plaintiff filed his federal lawsuit one month later.  Defendant quickly moved to dismiss. The normal schedule for briefing on this motion is 21 days to respond and 14 days to reply.[7] Defendant asks the Court to shorten this period to 14 and 7 days, respectfully.  Given how quickly this case was filed after the bond resolution, the Court cannot find that expediting the briefing schedule by two weeks is warranted.  It is not true that Plaintiff would suffer no damage from expediting deadlines.  Plaintiff would be denied an extra week of briefing on this

---

[5] Doc. 6 at 3.

[6] *Id.*

[7] D. Kan. Rule 6.1(d)(1).

dispositive motion.[8]  Once fully briefed, the Court will endeavor to decide the motion to dismiss

as soon as practicable given the demands of its caseload.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Expedited Hearing (Doc. 6), which the Court construes as a motion for expedited briefing, is

**denied**.  The deadlines set forth in D. Kan. Rule 6.1(d)(1) shall govern briefing on this motion.

**IT IS SO ORDERED.**

Dated: August 4, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] Of course, a reply brief is not required under the Court's local rules.  Defendant may opt to forgo or expedite its reply brief if it wishes to save briefing time.